IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ARDEN VAN UPP,<br><br>        Debtor.<br>_____/ | No. C 10-00204 SI<br>No. C 10-00396 SI<br><br>**ORDER TO SHOW CAUSE** |
| SAMUEL H. SLOAN,<br><br>        Appellant,<br><br>v.<br><br>DAVID A. BRADLOW,<br><br>        Appellee.<br>_____/ | |

    These bankruptcy appeals concern the affairs of debtor Arden Van Upp, and Ms. Van Upp's property located at 2550 Webster Street in San Francisco. The appeals were brought, however, by Samuel H. Sloan, an individual who has apparently taken an active and aggressive interest in Ms. Van Upp's affairs.

    The present order is necessitated by Mr. Sloan's filing of two motions: (1) a "Motion to take plenary or full jurisdiction over this case, to stay all proceedings including the sale of 2550 Webster Street pending hearings and ultimately to dismiss this chapter 11 Bankruptcy Proceeding," filed in Case No. 10-204 (Docket No. 3); and (2) a motion for a temporary restraining order and preliminary injunction, filed in Case Nos. 10-204 (Docket No. 4) and 10-396 (Docket No. 3). After Mr. Sloan filed the motion for temporary restraining order and preliminary injunction, the Court called for a response.

**United States District Court**
For the Northern District of California

A response has been filed in Case No. 204 by the trustee of Ms. Van Upp's estate, David Bradlow. *See* Trustee's Oppo. Mr. Bradlow's submission sets forth the following facts. First, Mr. Sloan is not a creditor of the estate and never filed a claim against the estate in the underlying bankruptcy proceedings. Although Mr. Sloan claims a possessory interest in Ms. Van Upp's property, he was evicted by the Sheriff on December 16, 2009 and the property was subsequently sold in a bankruptcy sale free and clear of any possessory interest. *See* Dreyfuss Decl. ¶ 2; ex. A. Additionally, Mr. Sloan neither opposed the bankruptcy sale nor appeared at the sale hearing.

Ms. Van Upp has filed a response in Case No. 10-396. Ms. Van Upp's submission states that, although Mr. Sloan lists the address of Ms. Van Upp's property as his home address on his court filings, his only actual contact with the property has been to stay as a houseguest. Ms. Van Upp has also submitted evidence that on February 25, 2010, the bankruptcy court, *on Ms. Van Upp's motion*, entered a vexatious litigant order barring Mr. Sloan from making any further filings without first obtaining the court's consent. *See* Ex. B to Debtor's Response.

From the face of the pleadings filed thus far, it is apparent to the Court that Mr. Sloan lacks standing to press these appeals. He is not a party to the underlying bankruptcy action, not a debtor, and not a creditor. He appears to have no legally cognizable interest in the subject property. Accordingly, Mr. Sloan is hereby ordered to **show cause in writing, to be filed no later than Wednesday, March 11, 2010**, why these actions should not be dismissed with prejudice for lack of standing. Absent any such showing, the Court will dismiss these actions with prejudice.

**IT IS SO ORDERED.**

Dated: March 4, 2010

SUSAN ILLSTON
United States District Judge

2